## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

CORTEZ CODY,                       )
Individually And On Behalf Of      )
All Others,                        )
                                   )
     Plaintiffs,                  )
                                   )    Case No.: 15-04009-CV-NKL
                                   )
vs.                                )
                                   )    **JURY TRIAL DEMANDED**
                                   )
**INDUSTRIAL STAFFING SERVICES,**  )
**INC.**                           )
                                   )
     Defendant.                   )

### JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by, between, and among Plaintiff on behalf of himself and the settlement class (hereafter, the "Disclosure Class") members as defined herein, and Defendant Industrial Staffing Services Inc. ("Industrial Staffing"), and is conditioned upon the Court's preliminary and final approval.

I.    DEFINITIONS

    The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another Section.

    (a)    Plaintiff and Defendants herein are collectively referred to as "the Parties."

    (b)    "Action" means the civil action pending in the United States District Court, Western District of Missouri, entitled *Cortez Cody v. Industrial Staffing Services, Inc..*, Civil Action Number 15-04009-CV-NKL.

    (c)    "Plaintiffs' Counsel" or "Class Counsel" means C. Jason Brown and Jayson A. Watkins, Brown & Associates LLC, 301 S. U.S. 169 Hwy, Gower, Missouri 64454.

    (d)    "Court" means the United States District Court, Western District of Missouri.

    (e)    "Named Plaintiff" means Cortez Cody, the named plaintiff in the Action.

1

(f)     The "Disclosure Class" means all employees or prospective employees of Industrial Staffing who (a) were the subject of a Consumer Report that was sought by Industrial Staffing between December 29, 2012, and May 28, 2015, and who were provided any one of the disclosure forms attached hereto. The Disclosure Class consists of approximately 4,693 individuals. All members of the Disclosure Class who do not opt-out of the Settlement shall be bound by the terms of this Joint Stipulation.

(g)     "FCRA" refers to the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

(h)     "Consumer Report" shall have the same meaning as used in the FCRA.

## 2.     BACKGROUND

On December 29, 2015, Plaintiff filed a Petition in the Circuit Court of Cole County, Missouri, alleging class-wide claims under the FCRA relating to an application for employment Plaintiff submitted to Defendant and alleging that Defendant had take adverse action against employees based upon information in consumer reports without making the necessary disclosures and taking the actions required by the FCRA before and after the adverse employment decision. That matter was duly removed to this Court on January 26, 2015.

The Parties disagree on many procedural and substantive issues. Plaintiff believes that class certification is appropriate and that he would prevail on all claims if the Action proceeded. Defendant believes that it could defeat class certification. Defendant further believes that it would prevail on all claims if the Action proceeded, because it acted in good faith at all times and complied with the provisions of the FCRA and other applicable laws.

For settlement purposes only, the Parties submit this Joint Stipulation. If for any reason this Joint Stipulation is not approved by the Court, this Joint Stipulation (and the related Settlement Term Sheet, signed June 8, 2015) will be void and of no force and effect, and the

2

Parties expressly reserve their rights with respect to the prosecution and defense of the Action as if this Joint Stipulation never existed.

3.   REASONS FOR SETTLEMENT

   (a)   Plaintiff's Counsel have diligently and thoroughly investigated the facts of this Action and researched the legal issues involved. Based on their own independent investigation and evaluation, Plaintiff's Counsel believe that settlement for the consideration and other terms set forth in this Joint Stipulation is fair, reasonable and adequate, and in the best interests of Plaintiff and the Disclosure Class. While Plaintiff's Counsel believe the claims asserted in the Action have merit and that class certification was likely, they recognize and acknowledge that it would be expensive, time consuming, and burdensome to fully prosecute this Action. Plaintiff's Counsel has taken into account the uncertainty and risks inherent in any litigation, especially in complex class actions like this one.

   (b)   Defendant denies liability or wrongdoing of any kind associated with Plaintiff's claims, and Defendant further denies that this Action is appropriate for class treatment for any purpose other than settlement.

   (c)   Although the Parties do not abandon the positions they took in this Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that this Joint Stipulation is fair, reasonable and the best way to resolve the disputes between and among them.

   (d)   Neither Plaintiff nor Industrial Staffing, nor anyone on their behalf, shall issue any press release or otherwise publicize this Settlement.

4.   STATEMENTS OF NO ADMISSION AND NO PUBLICITY

   (a)   This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission by Defendant as to the truth of the factual allegations or the merits of the

3

claims made against them in this Action. The parties acknowledge that they are entering into the settlement because the proposed settlement would eliminate the risk, burden and expense of further litigation, would fully and finally resolve all settled claims.

(b)     This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission of liability or wrongdoing on the part of Defendant with respect to this Action. In no manner shall this Joint Stipulation be construed or deemed to be an admission by Defendant that it has violated any statute, regulation, or other law.

(c)     Neither Plaintiff nor Plaintiff's counsel shall issue a press release or otherwise seek any publicity regarding the Action or the terms of this settlement, without the express written consent of the other party.

5.     <u>MONETARY TERMS OF SETTLEMENT</u>

(a)     Defendant will make a "Total Settlement Payment" in the amount of $175,000.00. This shall constitute the entirety of Defendant's financial obligation under the settlement. From this amount, the following will be deducted:

(i)     "Attorneys' Fees and Litigation Costs" in the total amount of $57,750;[1]

(ii)     "Settlement Administrator Costs," which are estimated not to exceed $26,000; and

(iii)     A stipend in the amount of $6,000 for the Named Plaintiff for his services as representative of the Disclosure Class;

---

[1] The payment of legal fees to Plaintiffs' Counsel is consistent with legal services agreements executed between Plaintiff's Counsel and Plaintiff, and represents 33% of the total Settlement Payment. The parties agree that the Court's refusal to approve the request by Class Counsel for attorneys' fees and costs shall not be grounds for terminating this Agreement. Rather, in the event of the Court's refusal of Class Counsel's deduction for attorneys' fees and costs, the Parties have agreed to work together in good faith to resolve any concerns raised by the Court.

4

6. CLASS CERTIFICATION

For settlement purposes only, the parties stipulate to the certification of the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In making this stipulation the Parties acknowledge for settlement purposes only that the Named Plaintiff is similarly situated to the members of the Disclosure Class and that Plaintiff's Counsel is adequate Class Counsel.

7. SETTLEMENT TIMELINE

The parties agree to follow the following timeline for the completion of the settlement process and the dismissal of this Action:

(a) Preliminary Settlement Approval: By September 24, 2015, Plaintiff shall file a Joint Motion for Preliminary Settlement Approval requesting that the Court: (1) grant preliminary approval of the parties' Settlement; (2) certify the Disclosure Class pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3); (3) appoint C. Jason Brown and Jayson A. Watkins, Brown & Associates LLC Class Counsel for the Disclosure Class; (4) approve the parties' proposed Notice of Settlement ; (5) approve the proposed class action settlement procedure; (6) set a date following the Notice Period for Plaintiffs to file a Joint Motion for Final Settlement Approval and a petition for an award of attorneys' fees and costs; and (7) schedule the Final Fairness Hearing.

(b) Notice Period: Within ten business days after the Court's Order granting Preliminary Settlement Approval, Industrial Staffing shall provide the Settlement Administrator with the names and last known addresses for the members of the Disclosure Class (the "Class List"). Within ten business days of receipt of the Class List, the Settlement Administrator will mail the settlement materials described below in Paragraph 8 to the members of the Settlement

5

Class, who will have sixty (60) days to consider the terms of the Settlement (the "Notice Period").

      (c)    <u>Final Settlement Approval</u>: Within ten (10) business days of the end of the Notice Period, Plaintiff's Counsel will file a Joint Motion for Final Settlement Approval, as well as a petition for attorneys' fees and costs.

      (d)    <u>Fairness Hearing</u>: The Court will hold a hearing for the purposes of determining the fairness of the settlement, granting final approval of the settlement, granting final approval of this Stipulation, and entering Judgment.

8.     SETTLEMENT ADMINISTRATION

      (a)    Through a Settlement Administrator, jointly selected by the Parties, the members of the Disclosure Class will receive a Notice of Settlement, which will (i) describe the Action, (ii) explain how members of the Disclosure Class were identified as members of the Disclosure Class, (iii) indicate the estimated settlement payment for each member of the Disclosure Class, (iv) indicate that the Court has preliminarily approved the settlement, (v) provide instructions for how to opt-out of the Settlement, and (vi) provide instructions for how to object to the settlement at the Fairness Hearing. The Settlement Administrator shall be responsible for completing an address verification and skip trace process as necessary to locate members of the Disclosure Class, and it shall be responsible for the issuance of all checks from the Total Settlement Payment.

      (b)    Within five business days following the end of the Notice Period, the Settlement Administrator shall notify counsel for the Parties of the number of individuals in the Disclosure Class who have opted out of the Settlement, and of the total amount that would have been paid to those Disclosure Class members had they not chosen to opt-out. In the event that 10% or more of

6

the Disclosure Class members opt-out of the settlement, Industrial Staffing shall have the right to terminate this Settlement by giving written notice to Class Counsel within five business days after receipt of the Settlement Administrator's notification described in this sub-paragraph 8(b).

(c)     Industrial Staffing shall deliver or cause to be delivered the Total Settlement Payment to the Settlement Administrator no later than fifteen (15) business days after the Settlement Administrator provides counsel for the Parties with the notice required in sub-paragraph 8(b), provided that Industrial Staffing has not terminated this Settlement pursuant to sub-paragraph 8(b) above. The Settlement Administrator shall not disburse any settlement funds to Plaintiffs or Plaintiffs' Counsel until thirty-one (31) days after the Court has granted final approval of this Settlement, granted final approval of this Joint Stipulation, and entered Judgment dismissing the Action with prejudice, provided that no appeal has been taken from the Judgment. Settlement funds shall be dispersed by the Settlement Administrator within 10 business days thereafter.

(d)     Settlement checks that are not returned to the Settlement Administrator but have not been cashed within 180 days after issuance by the Settlement Administrator shall be void, and any such amounts shall revert to Industrial Staffing. Settlement checks that are returned to the Settlement Administrator as undeliverable shall revert to the following cy pres fund: US Committee for Refugees and Immigrants.

9.     RELEASE OF CLAIMS

Following the Fairness Hearing, and upon the Court issuing an Order granting final approval of the settlement, granting final approval of this Joint Stipulation, and entering Judgment dismissing the Action with prejudice, and prior to and as a condition of negotiating any payment pursuant to this Joint Stipulation, Plaintiff and each member of the Disclosure Class will release and discharge Industrial Staffing and its former and present parents, subsidiaries,

7

insurers, and affiliated corporations, and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties") from any and all claims, causes of action, or liabilities based on or arising out of the allegations in the Action or which could arise out of the allegations in the Petition, under any federal, state, or local statutory or common law, including but not limited to all claims under the FCRA (the "Released Claims"). In addition, Plaintiff will, to the fullest extent permitted by law, release the Released Parties from any and all claims, causes of action, or liabilities, known or unknown, of whatever nature, arising from events taking place at any time prior to the effective date of the release.

10. DISMISSAL

The Parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action with prejudice. The Parties agree that following expiration of the Notice Period, they shall file with the Court a Joint Motion for Final Settlement Approval, requesting that (1) the Action be dismissed with prejudice; and (2) the claims of all members of the Disclosure Class who did not duly opt-out of the settlement be dismissed without prejudice.

11. CONSTRUCTION

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between and among the Parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Joint Stipulation.

12. INTEGRATION

This Joint Stipulation contains the entire agreement between the parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements,

8

understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

13.    NO COLLATERAL ATTACK

This Settlement shall not be subject to collateral attack by any Disclosure Class member or any recipient of the notice, as described in Section 8(a), after the Judgment and Dismissal is entered. Such prohibited collateral attacks shall include claims that a Disclosure Class member's payment was improperly calculated or adjusted, that the Disclosure Class member failed to timely receive notice, or for any other related reasons. All Class Members shall be enjoined from pursuing and/or seeking to reopen claims of any type based upon the conduct alleged in the Action and released herein.

14.    GOVERNING LAW

This Agreement shall be governed by, construed, and interpreted, and the rights of the Parties determined in accordance with federal law. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

15.    REPRESENTATION BY COUNSEL

The Parties acknowledge that they have been represented by counsel throughout the negotiations which preceded the execution of this Settlement, and that this Joint Stipulation has been executed with the consent and advice of counsel.

16.    COUNTERPARTS

This Joint Stipulation, and any amendments hereto, may be executed in any number of counterparts and any party hereto may execute any such counterpart, each of which when

9

executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. It shall not be necessary in making proof of this Joint Stipulation or any counterpart hereof to produce or account for any of the other counterparts.

17. BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

18. PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

Signed this 22nd day of September, 2015.

**Plaintiff Cortez Cody**

Dated: 11-6-15

_____
NAME

Approval as to form and content by Counsel:

Dated: 11.6.15

_____
C. Jason Brown, Esq.

**Defendant Industrial Staffing Services, Inc.**

Dated: 11/5/15

_____
By: Linda Block, CEO

Approval as to form and content by Counsel:

Dated: 11/5/15

_____
Patric S. Linden

10