IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CORTEZ CODY, Individually and on behalf of all others, Plaintiffs, v. INDUSTRIAL STAFFING SERVICES, INC., Defendant. | No. 2:15-cv-04009-NKL |

**ORDER**

The parties have filed an amended Joint Motion for Preliminary Approval of Class Action Settlement under Fed. R. Civ. Pro. 23(e). [Doc. 30] For the reasons below, the Court grants the motion.

Rule 23(e) directs that the claims of "a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." A proposal that binds the class members may only be approved "after a hearing and on finding that it is fair, reasonable, and adequate." Rule 23(e)(2). This generally involves a two-step process, in which the Court first makes a preliminary inquiry into the terms of the settlement. Once satisfied that there is a plausible basis to approve the settlement, the Court directs notice and solicits the views of class members. Following the close of any opt-out and comment deadline, the Court holds the hearing required by Rule 23(e) and issues a final finding on whether the settlement is fair, reasonable, and adequate. This case now comes to the Court on the first step—preliminary approval and issuance of a court-authorized notice of settlement.

The Court has reviewed the Joint Stipulation of Settlement submitted by the parties

[Doc. 32-2] and preliminarily finds that the terms are within the range of a fair, reasonable, and adequate resolution of the issues. The Court therefore orders as follows:

1. The Joint Stipulation of Settlement, including the provision for payment of attorney fees to Class Counsel and an incentive payment to the Named Plaintiff, is preliminarily approved pending objections from Disclosure Class members and final Court approval.

2. The class defined and described in paragraphs 3 and 4 below is conditionally certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3).

3. The Disclosure Class is defined as:

> All employees or prospective employees of the Defendant in the United States who were the subject of a consumer report procured between December 29, 2012, and May 28, 2015, and who executed any one of the FCRA disclosure forms attached to the parties' Joint Stipulation of Settlement.

4. Any person who previously settled or released all of the claims covered by this settlement, or any person who previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, or any person who excludes himself or herself from the class, shall not be a member of the Disclosure Class.

5. Jason Brown and Jayson Watkins are designated as Class Counsel for the Disclosure Class. Cortez Cody is designated as representative for the Disclosure Class.

6. The form of the Notice submitted by the parties [Doc. 30-3], incorporating any such non-substantive changes as are agreed to by the parties, and the plan for settlement administration specified in the Joint Stipulation of Settlement, including appointment of a Settlement Administrator, are approved. No later than 10 days after entry of this Order, Defendant shall provide the Settlement Administrator with a list of names and last known addresses of all Disclosure Class members, and the Notice agreed upon by the parties. Within 10

business days of receipt of the Disclosure Class List, the Settlement Administrator will mail the Notice to each Disclosure Class member by first class mail.

7. Pending the outcome of a final fairness hearing, all members of the Disclosure Class are enjoined from commencing, prosecuting, or maintaining any claim already asserted in, and encompassed by, the Action as defined in the parties' Joint Stipulation of Settlement; or based on released claims and against released parties.

8. All proceedings in this matter, except those related to approval of the settlement, are stayed.

9. A final fairness hearing will be held on March 3, 2015, at 11:00 a.m., 4th Floor, United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri. Any Disclosure Class member who wants to object to the settlement must file an objection as provided in the Class Notice. If any objector or objector's attorney wishes to appear at the fairness hearing, he or she must effect service of a notice of intention to appear as provided in the Class Notice.

10. If the settlement is terminated in accordance with terms of the Joint Stipulation of Settlement or does not receive final approval, this Order of preliminary approval shall be null and void, and without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing as of the date of execution of the Joint Stipulation of Settlement.

11. If the settlement is terminated in accordance with terms of the Joint Stipulation of Settlement or does not receive final approval, neither the existence nor the terms of this Order shall be construed as an admission, concession, or declaration by or against Defendant or any released party of any fault, wrongdoing, breach, or liability, or as a waiver by any party of any

arguments, defenses, or claims he, she, or it may have, including, but not limited to, objections to class certification.

      12.    The Court may in its discretion continue the fairness hearing without further written notice.

      For the foregoing reasons, the Court grants the parties' Joint Motion for Preliminary Approval of Class Action Settlement.

                                          s/ Nanette K. Laughrey
                                          NANETTE K. LAUGHREY
                                          United States District Judge

Dated:  November 20, 2015
Jefferson City, Missouri